Judge Owslev
delivered the opinion of the court.*
William Sebre, William Eve, and John Eve, by an agreement, bearing date in June, 1803, became copartners in trade, for the purposes stipulated in the articles of co-partnership.
In February, 1804, William Eve, together with John his security, gave their obligation to Craig for 1256* and *403 William Eve having thereafter departed this life, John, by a separate obligation, given by himself, discharged the one ¡executed by him and William.
C:>n;iot* in that capacity rcc;"er a c|e‘ &,sl j-nteslata.
John having also obtained from the county court of Pen-dleton, letters of administration upon the estate of William, in his character of administrator, and in bis personal right exhibited his bill in equity against Sebre and Watts, for the purpose, as he charges, of obtaining from them indemnity for the debt contracted with Craig, and moreover, for the purpose of obtaining, as administrator, a decree against them for the balance whieh he charges to be due the estate of William Eve, as well for the profits of the copartnership, ps for the amount of eight hundred pounds, which is alledged to have been advanced by William, and for the payment of which it is contended Watts is equally bound.
After various amendments to his bill, John Eve also died, and George Eve having administered upon bis estate, as the administrator of John, who he states to have been the administrator of William Eve, he obtained a revival of the suit, and by a supplemental, or. as it is termed in the record, an amended bill, asks for the appropriate relief to which tire various charges in the bills may entitle him.
Upon a final hearing, the court below supposing that he Was entitled to relief,-decreed that Sebre and Watts should ?>ay him the amount for which the obligation was given by Vifiiam and John Eve to Craig; and from that decree they have appealed to this court.
As the administrator of an administrator, it is perfectly clear that George Eve cannot be entitled to recover in any form of action; but as tbe administrator of John it was certainly incumbent upon him to resort to all legal means for the purpose of recovering any demands which might be due the intestate.
John Eve having discharged the obligation given by him as the security for William, was no doubt entitled to remuneration from the estate of William, but as that remuneration was not obtained in his lifetime, it became necessary after his decease, for George Eve, his administrator, to endeavor, by the appropriate remedy, to obtain it; and as a suit had been brought by John for that purpose, although it may have combined a demand, in his right of administrator to William, wjiich George as his administrator has no power to investigate, yet upon his decease it was certainly proper for George, in order to obtain compensation for tha *404 debt due his-intestate, to obtain a revival, and by a supplement to tbe bill, present bis claim for the determination of the court.
1 The first decedent being r debted to the second decedent, the sdm’r of > lie 2d decedent may arrest ckbtsdue thr adm’rof the Istdeeedent, (he being a ñon resident) and apply them to the discharge of the demand.
The pen-dency of a slut inasist.er state by anon resident against Ivs debtors resident here, should not prevent the chancellor from attaching' the debts due to such absentee in the hands of i*is debtors here, and apply them to the payment of cebis due by the absentee, but such absentee should be, a p-u-iy.
Whether it was proper for John Eve to combine in the same biR, a claim in bis fiduciary character, with one in bis own right, need not now be decided: for as by the revival, bis administrator can have no right to investigate the claim asserted in his character of administrator to William, the consideration of the claim of John in his personal right, and that only, forms the subject of consideration in the present case.
There is no question, according to the evidence exhibited in the record, hut that the estate of William Eve should be subjected to this claim; and asjSebre and Watts are both proven to be indebted to W illiam Eve’s estate, a sum equal at least to the amount claimed, upon the hypothesis of William’s representative residing without this country, the chancellor here might, most unquestionably, under the statute authorising proceedings against absent debtors, compel them to pay over to the administrator of John the amount proven to be owing from the estate of William.
Nor can the circumstance of a suit having been brought against Sebre and Watts in the state of Virginia, by the administrator of William Eve, appointed by the courts there, preclude the chancellor here, from extending to the administrator of John, the appropriate relief.
As that suit appears to have been brought there for the purpose of compelling an account of, the copartnership transactions, and as the process appears to have been served upon Sebre, that court may no doubt determine upon the amount due from Sebre ⅛ the estate of William!-, but as the administrator of John is nd party tp that suit, and the claim now asserted t>y him is in no respect brought in question there, the pendency of that suit should not, in anywise, control the decision in this.
In deciding upon the case here, it is true, as the object of the suit us to obtain satisfactipn for a debt due from the estate of Willianj out of a- demand alledged to be owing by Sobre and Watts to that estate, it becomes essentially necessary to enquire into the justice of the alledged demand, but that circumstance, although involved in the contest iq the suit in Virginia, we apprehend ought not to preclude the courts here from exercising the jurisdiction conferrec| upon them by tue statute relating to absent debtors.
*405 But as the defendants, Sebre atfd Watts, can only be Objected to the demand of the administrator of John, in a proceeding against the administrator of William, as an absent debtor, it follows, ‘bat the administrator should have bqen made a party to the suit.
Because, therefore, the administrator is no, party, the decree must be reversed, and the cause remanded to the court below, and the complainant there allowed, if he should apply for leave to do so, to amend his bill by making the proper parties.
And in making the amendment, it may be moreover proper, for the complainart there, as he can obtain no decree against Walts and Sebre, but upon the ground of the administrator being an absentee, to suggest more distinctly whether the administrator is, or is not, a resident of Virginia.
But should the complainant not apply for leave to amend his bill, it must he dismissed without prejudice to another suit; but upon the event of an amendment being made, the cause should then proceed to a final hearing, and such decrees and orders made as may comport with the equity ©f the case.

Absent., Judge Loe«r.